UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JIN ZHU, | ) | NO.  CV-10-0333-LRS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTION FOR SUMMARY JUDGMENT; |
| -vs- | ) | GRANTING PLAINTIFF'S MOTION |
| | ) | FOR PARTIAL SUMMARY JUDGMENT |
| WATERVILLE SCHOOL DISTRICT NO. | ) | IN PART; AND RESETTING TRIAL |
| 209, and RAYMOND REID, | ) | DATE |
| | ) | |
| Defendants. | ) | |
| | ) | |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 19), filed November 1, 2011; and Plaintiff's Motion for Partial Summary Judgment, ECF No. 24, also filed on November 1, 2011.  A telephonic hearing was held on January 19, 2012.  James Baker appeared on behalf of Defendants Raymond Reid and Waterville School District No. 209 ("school district").  Steven Lacy appeared on behalf Plaintiff Jin Zhu.  This order is entered to supplement the record and confirm the preliminary oral ruling of the Court rendered at the conclusion of the oral argument on January 19, 2012.  The Court, having considered the argument of counsel, enters this Order.

## I. BRIEF BACKGROUND

Defendants Waterville School District and Raymond Reid have both moved for summary judgment dismissal in this case, claiming that

ORDER - 1

1  plaintiff Zhu cannot present sufficient evidence to support his various

2  causes of action. Zhu asserts causes of action against the school

3  district for both disparate treatment and hostile environment race

4  discrimination and retaliation in violation of 42 U.S.C. §2000e-2, as

5  well as retaliation for opposing race discrimination in violation of 42

6  U.S.C §2000e-3. He also asserts a claim against the school district for

7  violation of his civil rights under 42 U.S.C. §1983. In addition, Zhu

8  asserts claims against Raymond Reid, the district's superintendent, for

9  retaliation in violation of 42U.S.C. §2000e-3 and for violation of his

10  civil rights under 42 U.S.C. §1983. Zhu also asserts claim for punitive

11  damages against defendant Reid.  Defendants seek dismissal of all of

12  plaintiff's claims against both defendants.

## II.   SUMMARY JUDGMENT STANDARD

14      The purpose of summary judgment is to avoid unnecessary trials when

15  there is no dispute as to the facts before the court. *Zweig v. Hearst*

16  *Corp.*, 521 F.2d 1129 (9th Cir.), cert. denied, 423 U.S. 1025 (1975).

17  Under Rule 56 of the Federal Rules of Civil Procedure, a party is

18  entitled to summary judgment where the documentary evidence produced by

19  the parties permits only one conclusion. *Anderson v. Liberty Lobby,*

20  *Inc.*, 477 U.S. 242, 106 (1986); *Semegen v. Weidner*, 780 F.2d 727 (9th

21  Cir. 1985).  Summary judgment is precluded if there exists a genuine

22  dispute over a fact that might affect the outcome of the suit under the

23  governing law. *Anderson*, 477 U.S. at 248.

24      The moving party has the initial burden to prove that no genuine

25  issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith*

26  *Radio Corp.*, 475 U.S. 574, 586 (1986).  Once the moving party has carried

ORDER - 2

1  its burden under Rule 56, "its opponent must do more than simply show

2  that there are some metaphysical doubt as the material facts." *Id.*  The

3  party opposing summary judgment must go beyond the pleadings to designate

4  specific facts establishing a genuine issue for trial. *Celotex Corp. v.*

5  *Catrett*, 477 U.S. 317, 325 (1986).

6       In ruling on a motion for summary judgment, all inferences drawn

7  from the underlying facts must be viewed in the light most favorable to

8  the nonmovant. *Matsushita*, 475 U.S. at 587.   Nonetheless, summary

9  judgment is required against a party who fails to make a showing

10 sufficient to establish an essential element of a claim, even if there

11 are genuine disputes regarding other elements of the claim. *Celotex*, 477

12 U.S. at 322-23.

## III. DISCUSSION

### A. Plaintiff's Motion for Partial Summary Judgment

15      The defendant school district attempted to discharge the plaintiff

16 by issuing a notice of probable cause for his discharge from which the

17 plaintiff timely appealed. At the contested hearing on that discharge a

18 statutory hearing officer took evidence on the issue of whether the

19 plaintiff had engaged in nonremediable misconduct, whether the district

20 had met its remediation obligation to the plaintiff, and whether there

21 was probable cause to support the district's purported discharge of the

22 plaintiff. The hearing officer then entered findings of fact, conclusions

23 of law, and a judgment adverse to the school district on all those

24 issues.  Plaintiff argues that collateral estoppel bars litigation of an

25 issue in a later proceeding involving the same parties. *Yakima County v.*

26 *Yakima County Law Enforcement Officers Guild*, 157 Wn.App. 304, 237 P.3d

ORDER - 3

1  316 (Div. III, 2010).

2       In this case, plaintiff and the school district did previously

3  litigate the issue of whether the school district properly remediated any

4  alleged remedial conduct by Zhu and whether the district had probable

5  cause to discharge Zhu. Both issues were decided against the district in

6  a judgment on the merits by the hearing officer.  The hearing officer

7  also received evidence and made factual findings regarding Zhu's filings

8  of grievances based on his allegation that he was being victimized due

9  to his race and national origin.

10      Defendants argue that the application of collateral estoppel is not

11  applicable to the case at bar and the issue decided in the earlier

12  proceeding was not identical to the issue presented in this later

13  proceeding.

14      The party seeking to avoid litigation on an issue based on

15  collateral estoppel must show that (1) the issue decided in the earlier

16  proceeding was identical to the issue presented in the later proceeding;

17  (2) the earlier proceeding ended in a judgment on the merits; (3) the

18  party against whom collateral estoppel is asserted was a party to, or in

19  privity with a party to, the earlier proceeding; and (4) application of

20  collateral estoppel does not work an injustice on the party against whom

21  it is applied.  *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.

22  2d 299, 307, 96 P.3d 957 (2004).

23      The Court finds that plaintiff Zhu should not have to relitigate the

24  question of whether the school district failed to meet its remediation

25  obligation or the question of whether the school district had probable

26  cause to terminate his employment.  As to these issues only, plaintiff's

ORDER - 4

1  partial summary judgment is granted.  As to all other issues, said motion
2  is hereby denied.

3        **B.    Defendants' Motion for Summary Judgment**

4        **1.    Disparate Treatment–Race Discrimination Under Title VII**

5        A plaintiff must first establish a prima facie case for this claim
6  by presenting evidence that (1) he belongs to a protected class of
7  persons, (2) he performed his job satisfactorily, (3) he suffered adverse
8  employment action, and (4) he was treated differently than other
9  similarly situated individuals not belonging to his protected class.
10 *Cornwell v. Electra Central Credit Union, et. al.,* 439 F.3d 1018, 1028
11 (9th Cir. 2006).  Although defendants do not dispute that plaintiff is
12 in a protected class, they argue that Zhu did not suffer any adverse
13 action as he was successful in his administrative hearing and Zhu was
14 treated the same as all teachers at Waterville schools.

15       The Court finds that plaintiff can arguably establish a prima facie
16 case based upon the evidence presently before the Court, although there
17 exists questions of fact as to whether Zhu was treated the same as all
18 teachers similarly situated.  Defendants must also offer a legitimate,
19 non-discriminatory reason(s) for the alleged adverse employment action.
20 As noted above, this Court is bound by the hearing officer's finding that
21 the school district did not have probable cause to discharge Zhu.  While
22 this ruling against the district does not by itself preclude summary
23 judgment, when viewed against the two (2) year period during which
24 unresolved racial issues continued to surface, summary judgment in favor
25 of the district must be denied.  Therefore, plaintiff is entitled to a
26 trial on his claim of disparate treatment–race discrimination, as genuine

ORDER - 5

1  issues of material fact exist.

2      **2. Hostile Environment--Race Discrimination**[1]

3      To survive summary judgment, Zhu must show that

4      (1) Defendant school district subjected him to verbal or physical
   conduct of a racial nature,
5      (2) that was unwelcome, and
       (3) "sufficiently severe or pervasive to alter the conditions of
6  [his] employment and create an abusive work environment."

7
   *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004);
8
   *Glasgow v. Georgia-Pacific Corp*., 103 Wn.2d 401, 406-07, 693 P.2d 708
9
   (1985)).  Casual, isolated or trivial manifestations of a discriminatory
10
   environment do not affect the terms or conditions of employment to a
11
   sufficiently significant degree to violate the law.  *Id*.
12
       The standard in the Ninth  Circuit is that the working environment
13
   must be both subjectively and objectively abusive, and must be determined
14
   from the perspective of a reasonable person with the same fundamental
15
   characteristics of the plaintiff.  *Ellison v. Bundy*, 924 F.2d 872, 879
16
   (9th Cir. 1991); *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir.
17
   1995).
18
       Plaintiff argues that conduct of third parties in the workplace, in
19
   this case students, can be imputed to an employer (the school district).
20
   *See Glasgow v. Georgia-Pacific Corp*., 103 Wn.2d 401, 406-07, 693 P.2d 708
21
   (1985)(holding  that  the  imputation  rules  developed  for  hostile
22
   environment  sexual  harassment  applies  to  work  environment  racial
23
   discrimination as well).  Plaintiff complains that the school district
24
   never acted to remedy the allegedly racially hostile work environment
25

26
   ─────────────────────

       [1]This claim is raised against defendant school district only.

   ORDER - 6

1  described to them by Zhu[2] at any time before deciding to exclude Zhu from

2  the workplace and investigate him in August, 2009.  Defendants argue the

3  racially hostile environment to which Zhu was subjected was not

4  sufficiently "severe" or "pervasive."

5      To determine whether conduct was sufficiently severe or pervasive

6  to violate federal law, the court must consider "all the circumstances,

7  including the frequency of the discriminatory conduct; its severity;

8  whether it is physically threatening or humiliating, or a mere offensive

9  utterance; and whether it unreasonably interferes with an employee's work

10 performance." *Id.* (*quoting Clark County Sch. Dist. v. Breeden*, 532 U.S.

11 268, 270-71, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)). The conduct at

12 issue must be perceived as abusive, both subjectively from Zhu's

13 perspective and objectively, from the perspective of a reasonable

14 Chinese-American.  *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1115

15 (9th Cir. 2002).

16     Plaintiff has submitted sufficient evidence to submit to a jury the

17 question of whether his environment, perceived as hostile, was motivated,

18 by race.  The Court concludes that a jury could objectively conclude that

19 an objective person of Zhu's constitution may have considered the degree

20 of alleged racism he was facing to be severe.  This, however, is a

21 question for the fact-finder.

22

23

24 _____

25     [2]Zhu described being called a chink, a communist, and gay by his
   students; in 2008 Zhu was the subject of a cartoon that depicted a border
26 patrol shooting someone described as a communist chink; and in May, 2009
   a student scrawled a hateful racial attack against Zhu on a bathroom
   wall, saying he hoped Zhu's new house would burn down.

ORDER - 7

### 3.  Retaliation[3]

42 U.S.C. §2000e-3(a) generally prohibits an employer's retaliation against an employee for opposing a reasonably perceived violation of §2000e- 2(a)(1).  To prove his claim, Zhu must show that (1) he engaged in protected activity, (2) he suffered an adverse employment action and, (3) there was a causal link between the protected activity and the adverse action taken against him. *Davis v. Team Electric Co.*, 520 F. 3d 1080, 1093-94 (9th Cir. 2008).  Plaintiff asserts that he engaged in protected activity (filed grievances).  Plaintiff further asserts that under both Ninth Circuit and Washington case law, he suffered an adverse employment action.  ECF No. 42, at 5-6.  As to the causal link between Zhu's opposition to perceived race discrimination at Waterville and his placement on administrative leave, Plaintiff points out the proximity of the decision to place him on leave to his grievance activity in the spring and summer of 2009.  Plaintiff argues the evidence shows a pattern of retaliatory conduct by the administration, including the attempt by his principal to put him on an undeserved improvement plan, the deceptive actions of his superintendent to prevent him from voicing his complaints to the school board, the use of administrative leave to attempt to build a case against Zhu which did not exist at the time, and the administrative attempt to discharge Zhu by notice given to Zhu on September 2, 2010.

Defendants challenge the causal link element and also state that

---

[3]This claim is against both defendant school district and defendant Reid.  Plaintiff's theory for raising this claim against Superintendent Reid is that he was the individual who actually made the decision to subject Zhu to the alleged adverse employment action (the unwarranted administrative leave and the eventual discharge process).

ORDER - 8

1  Zhu's grievances were mostly about Collective Bargaining Act violations

2  rather than racial complaints.  Defendants also argue that Zhu failed to

3  exhaust his administrative remedies sufficiently to entitle him to

4  maintain his retaliation claim in relation to his filing of a EEOC charge

5  of discrimination on June 7, 2010.[4]

6       The Court finds, based on the arguments of the parties, this claim

7  is necessarily predicated on Zhu's claim of race discrimination. Because

8  a question of fact remains as to whether Zhu suffered race

9  discrimination, this claim also survives the motion for summary

10 dismissal.

11      **4.  42 U.S.C. §1983 Procedural Due Process Constitutional Violation**

12      Plaintiff's complaint states that Zhu was constructively discharged

13 by defendant school district without procedural due process of law.

14 Zhu's complaint, however, was filed before the administrative hearing

15 decision was rendered.

16      Defendants argue plaintiff Zhu was not "constructively discharged."

17 Defendants further state plaintiff was not deprived of his property right

18 to public employment. Plaintiff was provided with a notice of probable

19 cause for discharge.  Plaintiff was then afforded all of the procedural

20 due process rights set forth in RCW Ch. 28A.405.   Defendant school

21 district also has withdraw its Eleventh Amendment Immunity defense.

22      To establish such a 42 U.S.C. §1983 civil rights claim based on

23 procedural due process, a plaintiff must show that two elements exist:

24 _____

25      [4]That EEOC charge alleged both discrimination and retaliation from
   September 25, 2007 until the date of its filing. Plaintiff Zhu was
26 provided a Right to Sue letter on July 9, 2010 without any EEOC
   investigation; defendant Reid issued the Notice of Probable Cause for
   Discharge on September 2, 2010.

ORDER - 9

1   deprivation of a constitutionally protected liberty or property interest

2   and denial of adequate procedural protection. *Brewster v. Bd. of Educ.*

3   *of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir.1998). In

4   *Paul v. Davis*, the Supreme Court held that "reputation alone, apart from

5   some more tangible interests," does not constitute "'liberty' or

6   'property' by itself sufficient to invoke the procedural protection of

7   the Due Process Clause." 424 U.S. 693, 693, 701, 709-10, 96 S.Ct. 1155,

8   47 L.Ed.2d 405 (1976).

9       In determining whether the school district's procedure comported

10  with due process, the court must consider the three factors formulated

11  in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d

12  18 (1976): the private interest affected by the official action; the risk

13  of an erroneous deprivation of the private interest through the

14  procedures used; and the governmental interest involved.

15      When a public employee is terminated for cause, he is entitled to

16  "oral or written notice of the charges against him, an explanation of the

17  employer's evidence, and an opportunity to present his side of the

18  story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105

19  S.Ct. 1487, 84 L.Ed.2d 494 (1985). An employee is only entitled to a

20  "very limited hearing prior to his termination", *Gilbert v. Homar*, 520

21  U.S. 924, 929, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997), which "need not

22  be elaborate." *Loudermill*, 470 U.S. at 545, 105 S.Ct. 1487.

23      Plaintiff suggests that the reasons given to him in the notice of

24  probable cause for discharge were false and/or pretextual.  Defendants

25  argue, however, that Zhu had engaged in a variety of acts of misconduct

26  and that he had been informed of the problems voiced by students,

ORDER - 10

1  parents, and administration and had ample opportunity to address the

2  accusations before his administrative hearing. Defendants further point

3  out that Zhu was successful in his administrative hearing and retained

4  his teaching position.

5      Although the Court finds this claim to be more problematic for

6  plaintiff based on the full administrative hearing afforded plaintiff,

7  this claim is based on factually-driven questions and is not proper for

8  summary judgment.  The Court also denies summary judgment on this claim

9  considering the rulings on the other distinct, but related claims above.

10  **C.  Conclusion**

11      The Ninth Circuit has held that "very little[ ] evidence is

12  necessary to raise a genuine issue of fact regarding an employer's

13  motive; any indication of discriminatory motive ... may suffice to raise

14  a question that can only be resolved by a fact-finder." *Schnidrig v.*

15  *Columbia Mach., Inc.*, 80 F.3d 1406, 1409 (9th Cir. 1996).  "When [the]

16  evidence, direct or circumstantial, consists of more than the *McDonnell*

17  *Douglas* presumption,[5] a factual question will almost always exist with

18  respect to any claim of a nondiscriminatory reason." *Sischo-Nownejad v.*

19  *Merced Community College Dist.*, 934 F.2d 1104, 1111 (9th 1991); *see also*

20  *Lam v. University of Hawaii*, 40 F.3d 1551, 1564 (9th Cir. 1994).

21      The 9th Circuit has held:  "Employment discrimination cases

22

---

23      [5]The pretext method, which was established by *McDonnell Douglas*
24  *Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973),
    requires the plaintiff to initially establish a prima facie case of
25  unlawful discrimination. If the plaintiff establishes a prima facie case,
    a rebuttable presumption that the employer unlawfully discriminated
26  against is created.  The burden of production then shifts to the
    defendant to articulate a legitimate, nondiscriminatory reason for its
    employment decision.

ORDER - 11

1  inevitably present difficult problems of proof, because we cannot peer

2  into the minds of decisionmakers to determine their true motivations."

3  *Coghlan v. American Seafoods Co.*, 413 F.3d 1090, 1100 (9th Cir. 2005).

4  However, such uncertainty at the summary judgment stage must be resolved

5  in favor of the plaintiff. *Sischo-Nownejad*, 934 F.2d at 1111 ("We require

6  very little evidence to survive summary judgment precisely because the

7  ultimate question is one that can only be resolved through a 'searching

8  inquiry'--one that is most appropriately conducted by the fact finder,

9  upon a full record.").

10      **IT IS ORDERED** that:

11      1.  Defendants' Motion for Summary Judgment, **ECF No. 19**, is **DENIED.**

12      2.  Plaintiff's Motion for Partial Summary Judgment, **ECF No. 24**, is

13  **GRANTED in part**, and **DENIED in part** as discussed above.

14      3.   The new trial date is SET for **April 16, 2012 at 9:00 a.m.** in

15  Yakima, Washington, due to Court's calendar conflicts.  The trial date

16  of March 5, 2012 is **VACATED.**

17      **IT IS SO ORDERED.**

18      The District Court Executive is directed to file this Order and

19  provide copies to counsel.

20      **DATED** this 25th day of January, 2012.

21

22                              *s/Lonny R. Suko*

23                              LONNY R. SUKO
                                UNITED STATES DISTRICT JUDGE

24

25

26

ORDER - 12